IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02793-BNB

ELMER LEE CROSS, JR.,

      Plaintiff,

v.

DENVER SHERIFF'S DEPT. (working for an unknown Federal Agency(s)),
SHERIFF'S DEPUTY STEVENS, and
DENVER HEALTH,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Elmer Lee Cross, Jr., is an inmate currently incarcerated at the Denver County Jail.  Mr. Cross filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He asks for money damages and injunctive relief.  He also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2).  Mr. Cross has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

      The Court must construe Plaintiff's Prisoner Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Cross will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

In the Prisoner Complaint, Mr. Cross generally alleges that Defendants are "lacing" his medications with "poison" and "various chemical compounds" and also are spreading the poison and chemicals on his linens and jumpsuits.  He asserts that the chemicals cause him to suffer from severe migraine headaches; severe pain in his jaw, left arm, and shoulder; dizziness; rashes; and flat spots on his skull.  He alleges that Defendant Denver Health is a willing participant in the "mass subversion / harassment / isolating / ostracizing" by the federal government and police.  He also makes various similar assertions against state and federal officials in San Francisco, Sante Fe, and Albuquerque that allegedly occurred over the past seven years.  On the basis of these allegations, Mr. Cross asserts two claims against prison officials for cruel and unusual punishment and one claim against Denver Health for "willful malpractice and psychological and emotional abuse (intentional)."

The Prisoner Complaint is deficient for numerous reasons.  First, Plaintiff's allegations are vague, conclusory, and rambling.  Mere vague and conclusory allegations that federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.  A court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013).

Second, "[n]o Federal civil action may be brought by a prisoner confined in a jail,

2

prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The United States Court of Appeals for the Tenth Circuit construes this language literally, finding that "mental or emotional" injuries are insufficient.  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001); *see also Laratta v. Raemisch*, No. 12-cv-02079-MSK-KMT, 2014 WL 1237880, at *20 (D. Colo. Mar. 26, 2014) (unpublished).  In addition, verbal threats and harassment do not rise to the level of cruel and unusual punishment.  *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992).  Moreover, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Third, the Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the bases for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to

3

relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Cross fails to assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim. Generally, Mr. Cross fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Cross must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Cross must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. Nor should the Court or defendants be required to sift through Mr. Cross' vague and conclusory allegations to determine the

4

heart of each claim.

Fourth, the Prisoner Complaint is deficient because Mr. Cross fails to allege facts that demonstrate how each of the named defendants personally participated in the asserted constitutional violations.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Cross must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Lastly, Mr. Cross appears to be suing improper parties.  He may not sue the Denver Sheriff's Department.  This defendant is not an entity separate from the City and County of Denver and, therefore, is not a person under § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  Any claims asserted against the Denver Sheriff's Department must be considered as asserted against the City and County of Denver.  In addition, municipalities and municipal entities, such as the City and County of Denver, are not liable under § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Plaintiff cannot state a claim for relief against Denver City and County under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

Moreover, if Denver Health is a municipal entity, Mr. Cross' claim against the medical center also will be governed by the *Monell* standard.  Pursuant to COLO. REV. STAT. § 25-29-103(1), Denver Health and Hospital Authority is a political subdivision of the state that operates the health system for the City and County of Denver.  Denver Health and Hospital Authority may, therefore, only be sued for alleged civil rights violations by its employees pursuant to 42 U.S.C. § 1983 if those actions were taken pursuant to an official policy or custom.  *See Villalpando v. Denver Health & Hosp. Auth.*, No. 01-1450, 65 F. App'x 683, 686-87 (10th Cir. April 14, 2003) (generally observing that Denver Health and Hospital Authority is a "person" subject to municipal

liability under § 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Cross will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. Accordingly, Mr. Cross should name as defendants in his amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights. Mr. Cross may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Cross uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Accordingly, it is

ORDERED that Plaintiff, Elmer Lee Cross, Jr., file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with this order and the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case

manager or the facility's legal assistant) the Court-approved form for filing a Prisoner

Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall

use the form in filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint

as directed **within thirty days from the date of this order**, certain claims against

certain defendants, or the entire Prisoner Complaint and action, may be dismissed

without further notice.

DATED October 15, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge