IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02793-GPG

ELMER J. CROSS, JR.,

    Plaintiff,

v.

CITY OF DENVER, Denver Sheriff's Department, and
COUNTY OF DENVER, Denver Sheriff's Department,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Elmer J. Cross, currently resides in Denver, Colorado. When he initiated this action on October 10, 2014 by submitting *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, he was an inmate detained at the Denver County Jail.

    On October 15, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient. Judge Boland instructed Mr. Cross to file an amended Prisoner Complaint if he wished to pursue his claims in this action. (*See* ECF No. 6). In the October 15 Order, Magistrate Judge Boland determined that the Complaint was deficient for the following reasons: (1) Plaintiff's allegations were vague, conclusory, and rambling; (2) allegations of mental or emotional injuries, verbal threats and harassment, and medical malpractice were insufficient to state a cognizable claim for cruel and unusual punishment and/or deliberate indifference; (3) the Complaint failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure; (4) Plaintiff failed to allege facts that demonstrated how each named defendant personally participated in the asserted constitutional violations; and (5) Plaintiff sued improper parties, such as the Denver Sheriff's Office and Denver Health, and failed to allege a municipal policy or custom that caused the alleged injuries. After submitting numerous documents that did not comply with the October 15 Order, Mr. Cross finally submitted an Amended Prisoner Complaint (ECF No. 88) on February 10, 2015.

The Court must construe the Amended Complaint liberally because Mr. Cross is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id.* .

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* at 327. For the reasons stated below, the Amended Complaint and the action will be dismissed as frivolous.

In the Amended Complaint, Mr. Cross begins by providing a six-page narrative

about how he has been targeted for the past seven years by an "unknown-unnamed Federal Agency" that has "laced/poisoned" his personal property in California, New Mexico, and Arizona. (*See* ECF No. 88 at 3-8). Mr. Cross then asserts the following four claims: "(1) my constitutional right to freedom of speech and to dissent as the founding fathers assured in a constitution that was born out of revolution;" (2) my right to be free of cruel and unusual punishment; (3) willing participation in mass major cover-up; and (4) intentional infliction of physical, psych. emotional suffering." (*Id.* at 9). In support of these claims, Mr. Cross generally alleges that while incarcerated at the Denver County Jail from May 2014 until January 2015, his indigent packages, personal belongings, and medications were laced with poison that caused migraines, burning skin, numbness, loss of circulation in arms and hands, jaw pain, and a "metallic, salty taste in my mouth." (*Id.* at 9-13). He further alleges that Defendants "purposly [sic] and knowingly created a very dangerous and life-threatening environment for me by constantly aggitating [sic] and harassing me and using inmate informants/rats against me in every pod/unit that I moved to leaving me no choice but to isolate myself." (*Id.* at 13). He seeks one billion dollars in money damages as well as the "arrests, prosecutions, jailings [sic] and prisoning [sic], the firings, resignations of all involved" and "a confession transmitted to every country and every continent on earth that the United States Government (an unknown, unnamed Federal agency) has been lacing and poisoning a (mostly) petty shoplifter for 7 years already." (*Id.* at 14-15).

The Court has reviewed the Amended Complaint and finds that it still fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure despite specific instructions provided by Judge Boland in the October 15 Order that

Plaintiff must allege (1) the grounds for the court's jurisdiction; (2) the claims showing Mr. Cross is entitled to relief; and (3) the relief he seeks in this action in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim.  At best, the Complaint is a verbose diatribe that makes little sense, fails to articulate the specific claims Mr. Cross is asserting, and fails to allege what each Defendant did that allegedly violated his rights.

The Court further finds that the Amended Complaint lacks any allegations that any alleged constitutional violations were taken pursuant to an official municipal policy or custom of the City and County of Denver.  Although, Mr. Cross makes a conclusory assertion that the City and County of Denver "work[] for an unknown/unnamed Federal Agency," he does not allege any specific well-pleaded facts to show the causal connection necessary to establish municipal liability against the named Defendants. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

Moreover, the Court finds that the claims are factually frivolous.  A claim is factually frivolous if it depicts "fantastic or delusional scenarios," *Neitzke,* 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  The Court finds that Plaintiff's claims rest on "fantastic or delusional scenarios" whose factual contentions "rise to the level of the irrational or the wholly incredible."  See *Neitzke*, 490 U.S. at 327-28; *Denton,* 504 U.S. at 33.  Thus, the claims are baseless and Mr. Cross is not entitled to relief in this action.  The Complaint and the action will be dismissed as frivolous under §

1915(e)(2)(B).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Cross files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 88) and the action are dismissed as frivolous under § 1915(e)(2)(B).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  18th  day of    February   , 2015.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court